HARRIET I. SERGEANT *vs.* DANIEL E. DWYER.

August 28, 1890.

Sale—Price—Purchase "at Valuation."—Plaintiff and defendant entered into a written agreement for the sale and purchase of a stock of merchandise. No question was raised as to the sufficiency of the writing as a contract between the parties except in respect to the sale and purchase of "all soiled or damaged goods at valuation." *Held*, that a binding and enforceable contract was made, and that all goods of the character above mentioned were sold and purchased at their value.

Same—Value, how Ascertained—Parol Evidence.—What goods in the stock were soiled or damaged, as well as their value, would be the subject of inquiry to be ascertained and determined as any other question of fact.

Appeal by defendant from an order of the district court for Freeborn county, *Farmer*, J., presiding, refusing a new trial after verdict of $704.50 for plaintiff.

*B. S. Lewis*, for appellant.

*D. F. Morgan* and *John Whytock*, for respondent.

COLLINS, J. Appellant, Dwyer, and respondent, Mrs. Sergeant, made and entered into a contract in writing, as follows: "Albert Lea, Minn., Nov. 3, 1888. Daniel E. Dwyer bought of Mrs. W. P. Sergeant all the stock of merchandise located in H. D. Brown and Simms' store, in the city of Albert Lea, including fixtures, the amount to be taken at the supposed cost price, with ten per cent. off, and the said cost to be determined as marked on the goods when examined yesterday, private mark 'transfixed' and 'handiwork,' and said D. E. Dwyer pays forty per cent. on the dollar, after deducting the ten per cent. All soiled or damaged goods at valuation, cash payment on delivery. MRS. W. P. SERGEANT. D. E. DWYER." After invoicing about two-thirds of the stock of merchandise mentioned in the writing, the soiled and damaged goods therein and the value of the same having been agreed upon by the parties as they proceeded with the invoice, a dispute arose as to the cost-mark or price of a certain ar-

ticle, whereupon appellant refused to proceed further with the invoice, or to complete his purchase. On the trial he objected to the introduction of the writing in evidence, and also to testimony tending to show that subsequent to the execution of the agreement, and prior to any invoicing under it, the parties verbally stipulated that, in case they could not agree, the value of any or all of the soiled and damaged goods in stock should be fixed and determined by one Crane. The objections were overruled by the court. Those urged to the contract, as evidenced by the writing, were indefiniteness and uncertainty in its terms, and that the quantity and price of the different classes of goods were not and could not be determined from it; that, because it contained the words "all soiled and damaged goods at valuation," the agreement was incomplete, non-enforceable, and void. If this position be incorrect there is no reversible error in the case.

At common law, mutual executory contracts for the sale and purchase of personal property were binding upon the parties, without regard to the price or value of the property involved, or the method by which the contract could be proved. The statute of frauds has for many years intervened and prescribed the manner in which certain of this class of agreements should be established, but it has not declared them illegal, nor has it excused or relieved parties from making an agreement full and complete in all of its parts. The contract made must be entire, the minds of the parties must meet on all essentials, as at common law, and, in addition to this, a note or memorandum of the same in writing, subscribed by the parties to be charged therewith, is required, according to our statute, (Gen. St. 1878, c. 41, tit. 2, § 7,) in every contract for the sale of goods, chattels, or things in action for the price of $50 or more. Without such note or memorandum the contract is void, with certain exceptions not essential here. But this is not a case where the parties have made a contract good at common law, and a dispute has arisen over the sufficiency of the written evidence of it. The important question is whether the parties have made any contract at all, and it is manifest that they have not, unless its terms, as found in the paper, are certain or capable of being made certain. Now, upon examination of the writing,

we find the stock of merchandise, which was the subject-matter of the sale, definitely located and described. It contained the names, and was subscribed by vendor and vendee. It fixed the means and methods for ascertaining the amount which was to be paid for all goods not within the exception, and stated that the sale was to be for cash. As to all goods which were not soiled or damaged it was clear and certain. As to such as were in fact within the category of soiled or damaged articles, were the essential terms of the contract expressed with sufficient certainty that they could be understood and ascertained? No argument is needed to demonstrate that the writing was plain and explicit wherein it referred to such goods as might be soiled or damaged. Parol testimony might become necessary in order to apply the contract in this respect to the goods which actually came within this description, just as parol testimony might be needed to locate the building mentioned, or to show what goods were in it, or to prove what mark was on certain of the articles. What of the stock was soiled and damaged would have to be ascertained and determined as any other question of fact.

The remaining question, and the only one of importance, in the case, is as to the construction which must be put on the words "at valuation," as used in regard to the soiled and damaged articles. It is not a case where the parties have omitted to fix and mention the value or price of the property sold and purchased, but one in which it was expressly agreed that one kind or class of goods should be taken and received at their valuation. It is the intention of the parties when using the word "valuation" which we are called upon to discover, and this from an examination of the entire paper. They had specified definite means for determining the purchase price of all goods in fair condition, and as to the balance it must be held that they intended to sell and buy at real value and actual worth. The word used is susceptible of the same meaning as "value," and hence we should adopt such meaning for it, thus giving validity to the writing, and rendering it just what the parties undoubtedly intended it should be,—a completed contract for the sale and purchase of the merchandise. Therefore the value of the soiled and damaged goods

would have to be ascertained and determined as any other fact in issue, and for this purpose the best evidence attainable was admissible.

This view disposes of both of appellant's objections.

Order affirmed.